UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAL-DURAN BRANDON,<br>Petitioner | CIVIL ACTION NO. 5:19-CV-636-SEC. P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Dal-Duran Brandon ("Brandon") (#704426). Brandon is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brandon challenges his conviction and sentence imposed in the 42nd Judicial District Court, DeSoto Parish.

Because Brandon's Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Brandon was convicted of second-degree murder. State v. Brandon, 50,680 (La.App. 2 Cir. 6/22/16); 198 So.3d 140. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. Id. Brandon's conviction and sentence were affirmed on appeal. Id. Although Brandon sought further review in the Louisiana Supreme Court, the writ was not considered because it was untimely filed under Louisiana Supreme Court Rule X. State ex rel. Brandon v. State, 2016-2042 (La. 1/23/17); 209 So.3d 89, 90.

Brandon filed an application for post-conviction relief on June 15, 2017, which is dated May 30, 2017. (Doc. 1-3, pp. 28-35). Brandon claimed he received ineffective assistance of counsel when his attorney failed to object to the introduction of DNA evidence, failed to move to suppress a coerced confession, and failed to brief meritorious claims of ineffective assistance of counsel on appeal. (Doc. 1-3, p. 36). The trial court denied relief. (Doc. 1-3, pp. 43-44). Brandon sought supervisory review, which was denied by the Second Circuit. (Doc. 1-3, p. 57). The Louisiana Supreme Court denied writs, finding that Brandon failed to show he received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). State ex rel. Brandon v. State, 2017-1906 (La. 1/18/19); 261 So.3d 777.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for

2

post-conviction relief in state court is counted against the one-year limitations period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

Brandon claims that his conviction became final for AEDPA purposes 90 days after the Louisiana Supreme Court's decision on January 23, 2017, when the time expired for seeking review in the United State Supreme Court. (Doc. 1-2, p. 3). However, the application was not considered because it was untimely filed under Louisiana Supreme Court Rule X. State ex rel. Brandon v. State, 2016-2042 (La. 1/23/17); 209 So.3d 89. Because Brandon did not timely seek review in the Louisiana Supreme Court on direct appeal, his conviction actually became final for AEDPA purposes upon the expiration of time for seeking review in the Louisiana Supreme Court, 30 days after the appellate court's ruling, on July 22, 2016. 28 U.S.C. § 2254(d)(1); see Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (noting that, pursuant to Louisiana Supreme Court Rule X, § 5(a), petitioner's "time for seeking further review of his state conviction expired when he did not, within thirty days of the Louisiana Court of Appeal's . . . decision, challenge that decision in the state Supreme Court"). Once the expiration of the time for seeking review of a state conviction has occurred, § 2244(d)(1)(A) starts the one-year period for filing a § 2254 petition. Butler, 533 F.3d 314, 317 (5th Cir. 2008); see also Thomas v. Goodwin, 786 F.3d 395 (5th Cir. 2015).

Thus, the one-year limitations period commenced on July 22, 2016. Brandon filed an application for post-conviction relief dated May 30, 2017. (Doc. 1-3, pp. 28-

35). Assuming he tendered the application to prison officials for mailing on May 30, 2017, Brandon is entitled to statutory tolling from that date through the date the application no longer remained pending—January 18, 2019. State ex rel. Brandon v. State, 2017-1906 (La. 1/18/19); 261 So.3d 777. However, the time before the application was filed is counted against the one-year limitations period. Villegas, 184 F.3d at 472. Therefore, tolling began after 312 days of the one-year limitations period had lapsed.

When the Louisiana Supreme Court denied writs on post-conviction review on January 18, 2019, Brandon had 53 days remaining of the statute of limitations. Brandon did not file his § 2254 Petition until May 16, 2019, 65 days after the one-year period expired. Thus, because his writ application was not timely filed in the Louisiana Supreme Court, even with the benefit of statutory tolling, Brandon's Petition is time-barred.

The AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson,

4

184 F.3d 398, 402 (5th Cir. 1999). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Brandon does not claim entitlement to equitable tolling, and nothing in the Petition (Doc. 1) or its exhibits indicates that equitable tolling is applicable in this case.

### III. Conclusion

Because Brandon's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of June, 2019.

                                        Joseph H.L. Perez-Montes
                                        United States Magistrate Judge